# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 21, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * * | UNPUBLISHED |
| SHERMIAN P. DANIEL, M.D., | |
| | No. 10-745V |
| Petitioner, | |
| | Chief Special Master Dorsey |
| v. | |
| | Reasonable Attorney's Fees and |
| SECRETARY OF HEALTH | Costs. |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| * * * * * * * * * * * * * * * * | |

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
Debra Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 29, 2010, Shermian Daniel ("petitioner") filed a petition in the National Vaccine Injury Compensation Program[2] alleging that the Human Papilloma Virus ("HPV") vaccinations she received on August 31, 2007, and October 30, 2007, caused a significant aggravation of pre-existing acute disseminated encephalomyelitis ("ADEM") and/or multiple sclerosis ("MS"). Petition at ¶ 22. Petitioner later amended her petition, alleging only that the October 30, 2007 vaccination was the cause of her alleged injuries. Amended Petition at ¶ 50.

On October 6, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. The following day, the undersigned issued a decision based on the parties' stipulation, awarding petitioner $350,000.00. Decision dated October 7,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

2016 (ECF No. 141). On October 30, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner's Application ("Pet'r's App.") dated October 30, 2016 (ECF No. 145).

## I. Procedural History

### a. Petitioner's Application for Fees and Costs

Petitioner requests an award of $145,527.45 in attorneys' fees and $35,623.92 in costs, for a total of $181,151.37. Pet'r's App. at 2; see also Pet'r's App., Ex. 2 at 95. In support of her motion, petitioner states that her attorney, Mr. Robert Krakow, worked on her case for approximately six years. Id. at 1. Petitioner filed contemporaneously created time and expense sheets documenting the 440.85 total hours of work performed by Mr. Krakow and his associate, Ms. Susan Lee. Petitioner also provided invoices from a mediator and from petitioner's two expert witnesses, Dr. Nizar Souayah and Dr. Lawrence Steinman. Pet'r's App., Exs. 2-5.

### b. Respondent's Response to Petitioner's Motion for Fees and Costs

Respondent filed a response on November 17, 2016, in which she raised a general objection to the overall cost of petitioner's application. Respondent's Response ("Resp's Resp.") dated November 17, 2016 (ECF No. 147). Respondent stated her belief that the statutory requirements for an award of attorneys' fees were met and stated that "the determination of the amount of reasonable attorneys' fees is within the special master's discretion." Id. at 2 (quoting Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993)); see also § 300aa-15(e)(1)(A)-(B). Although respondent recommended a range of $75,000.00 to $88,000.00, she defers to the undersigned to determine a reasonable amount of fees and costs. Id. at 3.

### c. Petitioner's Reply to Respondent's Response to Petitioner's Motion for Fees and Costs

Petitioner filed a reply on November 17, 2016, arguing that respondent's recommended range "constitutes a significant and unjustified reduction of the attorney[s'] fees and costs claimed by petitioner, which are supported by a detailed invoice and substantial supporting evidence." Pet'r's Reply dated November 17, 2016 (ECF No. 148) at 1.

This matter is now ripe for a decision on petitioner's motion for attorneys' fees and costs. For the reasons set forth below, the undersigned GRANTS petitioner's motion for attorneys' fees and costs and awards a total of $181,116.37.

## II. Discussion

### a. Reasonable Attorneys' Fees

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). Petitioner in this case was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

The undersigned has recently considered the hourly rates of Mr. Krakow, finding that he is entitled to the following hourly rates: $396.00 per hour in 2014, $413.00 per hour in 2015, and $425.00 per hour in 2016.  See Laderer v. Sec'y of Health & Human Servs., 09-97V, 2016 WL 3044838 (Fed. Cl. Apr. 20, 2016).  Other special masters have found the same rates to be reasonable in light of other decisions awarding similar rates to similarly situated attorneys.  See Raszkiewicz v. Sec'y of Health & Human Servs., 15-509V, 2016 WL 6599966 (Fed. Cl. Oct. 14, 2016).  The undersigned adopts the reasoning of her earlier decision in Laderer for the instant analysis and awards petitioner's counsel hourly rate amounts in accordance with that decision.

The undersigned has carefully reviewed petitioner's billing records and notes that occasionally, petitioner may have inadvertently billed paralegal tasks at the attorney's hourly rate[3] and that a few of the billing entries are vague.[4]  Additionally, it appears that a few of the billing entries are for time that is administrative in nature.[5]  However, upon closely reviewing petitioner's application, the undersigned observed that petitioner's counsel exercised discretion with regard to the amount of time billed and occasionally did not charge for otherwise billable time.[6]

Petitioner's counsel spent approximately six years working on the case, which involved fairly complicated medical issues.  Although mediation failed, a settlement was ultimately reached, with petitioner receiving an award of $350,000.00.  Petitioner's billing record is comprehensive and contains fairly detailed descriptions of the work performed and the amount of time spent on each task.  The undersigned also appreciates petitioner's diligence in ensuring that all of the time spent was reasonable.  Thus, she will not further police petitioner's application and finds the overall amount of attorneys' fees to be reasonable.

### b. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perriera v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests

---

[3] Attorneys may be compensated for non-attorney level work, but usually at a rate that is comparable to what would be paid for a paralegal or secretary.  Mostovoy v. Sec'y of Health & Human Servs., 2016 WL 720969 (Fed. Cl. Spec. Mstr. February 4, 2016).

[4] For example, petitioner occasionally billed time for reviewing the file and/or the status of the case.  Without further information, these billing entries are vague.  The undersigned thus warns petitioner's counsel that these types of entries may not be compensated in the future.  The undersigned has previously found it reasonable to reduce the fees paid to attorneys due to vague and/or excessive billing.  Mostovoy, 2016 WL 720969.

[5] It is well established that billing for administrative work is not permitted in the Vaccine Program.  Mostovoy, 2016 WL 720969; Rochester v. United States, 18 Cl. Ct. 379, 387 (1989).

[6] See, e.g., Pet'r's App., Ex. 2 at 59, 70, 74.  See also Pet'r's Reply at 7, n. 2 ("Petitioner … *waives* her claim to supplemental fees for the time expended by her attorney to review respondent's Response and prepare petitioner's Reply.") (emphasis in original).

$35,623.92 for costs incurred between 2010 to 2016. Pet'r's App. at 2; see also Pet'r's App., Ex. 3. Petitioner's costs include reimbursement for half of the mediation costs[7] as well as the expert witness fees of Dr. Souayah[8] and Dr. Steinman.[9] Petitioner provided detailed contemporaneous billing records from both the mediator and her experts which specify the amount of time spent and the services performed. Petitioner also requested reimbursement for filing fees, medical record fees, postage, photocopies, and travel expenses.

The undersigned notes that petitioner's records contain a bill for $35.00 from Pediatric Ear, Nose & Throat of Atlanta, Georgia. Pet'r's App., Ex. 3, at 23-24. This appears to be a mistake, as the records were collected were for a person who is not the petitioner in this case.[10] Thus, the undersigned will not compensate petitioner for these costs. For this reason, the undersigned reduces petitioner's costs by $35.00, awarding petitioner a total of $35,588.92 in costs.

### III. Conclusion

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to a reimbursement of attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $181,116.37, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, the Law Office of Robert J. Krakow, P.C.**

---

[7] The parties agreed that one half of the mediation costs would be covered by petitioner and one half of the costs would be paid by respondent. Pet'r's App., Ex. 3 at 99.

[8] Dr. Souayah billed a total of 44.40 hours at a rate of $500.00 per hour, amounting to an overall bill of $22,200.00. Pet'r's App., Ex. 4 at 1-3. The undersigned has previously awarded Dr. Souayah an hourly rate of $500.00 per hour. Laderer, 2016 WL 3044838. Furthermore, Dr. Souayah's bill contains contemporaneous and detailed records explaining the amount of time spent and the work performed. Thus, the undersigned reimburses these costs in full.

[9] Dr. Steinman billed a total of 4.0 hours at a rate of $500.00 per hour, amounting to an overall bill of $4,000.00. Pet'r's App., Ex. 5 at 1. Dr. Steinman has previously been awarded hourly rates between $450.00 to $500.00 per hour. Brown v. Sec'y of Health & Human Servs., 09-426V, 2012 WL 952268 (Fed. Cl. Spec. Mstr. February 29, 2012). Dr. Steinman performed an initial review of some of the medical records and respondent's expert report and was instructed to wait until further instructions were received from petitioner's counsel. Pet'r's App., Ex. 5 at 1. Ultimately, petitioner's cases did not require an expert report from Dr. Steinman. However, and especially in light of the limited amount of time spent and the prudence of petitioner's counsel in ensuring that unnecessary work was not performed, the undersigned finds Dr. Steinman's work reasonable and will compensate him in full.

[10] Petitioner's counsel confirmed in an email sent to the undersigned's law clerk on December 21, 2016, that this receipt was placed in petitioner's application in error.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[11]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.